UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASAR HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARTICHICK, et. al.,<br><br>Defendants. | No. 2:20-cv-02375-CKD P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### I.      Procedural History

Before the court could screen the complaint in this case, plaintiff filed a motion to amend it on January 31, 2021.[1]  ECF No. 6.  Because the complaint has not been served on any defendant, plaintiff may amend his complaint as a matter of right.  See Fed. R. Civ. P. 15(a)(1).  Therefore, plaintiff's motion to amend his complaint is granted.  Plaintiff's motion also requests a copy of the standard § 1983 form, so the Clerk of Court will be directed to send plaintiff this form.

### II.     Motion for a Preliminary Injunction

On March 25, 2021, plaintiff filed a motion for a preliminary injunction seeking an immediate change in his housing assignment at the California Health Care Facility ("CHCF").  ECF No. 7.  Plaintiff indicates that beginning on September 3, 2020 he has been housed with "active enemies" who have threatened him with harm based on information posted on the CDCR's website concerning the nature of the charges that led to his incarceration.  Specifically, plaintiff contends that inmates in several different cells in his unit have threatened him with physical harm and that custody officers have threatened to allow these inmates to harm him.  Plaintiff submitted several inmate request forms to custody officers in his unit to inform them of these threats, but they have not transferred him to a different unit.  As a remedy, plaintiff seeks to have: 1) his program status frozen; 2) his enemies identified by their last name and CDCR number in order to have a separate order placed in his central prison file; 3) his housing assignment changed to unit B-4 of administrative segregation; 4) his Psychiatric In Patient Program ("PIP") group changed; and, 5) his false commitment offenses removed from the CDCR's website.  ECF No. 7 at 3-4.

### III.    Legal Standards

A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "A preliminary injunction... is not a preliminary adjudication on the merits

---

[1] All filing dates are calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

2

but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's standard. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance, 632 F.3d at 1131-32 (citations omitted). Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

**IV.     Analysis**

Plaintiff's motion suffers from a number of defects. First and foremost, plaintiff's motion only focuses on the relief sought and does not address the majority of the factors required to obtain preliminary injunctive relief. Plaintiff's allegations of imminent injury are undercut by the

3

description of the "infrared technology" that is causing the threats to his safety.  ECF No. 1 at 4.  Plaintiff reports that his thoughts are being broadcast "amongst custody [officers], mental health [workers], and inmates…."  ECF No. 1 at 4.  After plaintiff's reports of threats to his safety went unaddressed by custody staff, plaintiff indicates that he finally made "the connection between the technology and the[se] problems."  Id.  In light of this, the undersigned finds that plaintiff has failed to demonstrate that the threat of physical or other injury to him is more than speculative.  See Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) (stating that "[s]peculative injury does not constitute irreparable injury.").

Additionally, although it is not entirely clear who plaintiff is seeking to enjoin, it appears to the court that the preliminary injunction is directed at the California Department of Corrections and Rehabilitation which is not a party to this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  The only defendants in this action are two custody officers at the California Health Care Facility.  See ECF No. 16.

For all these reasons, the undersigned recommends denying plaintiff's motion for a preliminary injunction.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is granting your request to amend the complaint in this case.  You may file an amended complaint within 30 days from the date of this order on the form provided.

The undersigned magistrate judge is recommending that your motion for a preliminary injunction be denied.  If you do not agree with this decision, you have 14 days to explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will make the final decision on your motion for a preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court randomly assign this case to a district court judge.

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's motion to amend (ECF No. 6) is granted.

5. Plaintiff's complaint is dismissed, but he is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. The Clerk of Court shall send plaintiff a copy of the 1983 complaint form that is used in this judicial district.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 5, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hern2375.screening+TRO.docx